UNITED STATES of America,
Plaintiff–Appellee,

v.

Lori RICE, Defendant–Appellant.

No. 80–5103
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Jan. 26, 1981.

Mary Catherine Bonner, Asst. Federal Public Defender, Miami, Fla., for defendant–appellant.

Atlee W. Wampler, III, U. S. Atty., Paul Hyman, Jr., Linda Collins Hertz, Asst. U. S. Attys., Miami, Fla., for plaintiff–appellee.

Before HILL, FAY and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

This is an appeal from a conviction for importation of marijuana oil and possession of marijuana oil with intent to distribute in violation of 21 U.S.C. §§ 952(a), 960, and 841(a)(1). Appellant's pre–trial motion to suppress certain statements she made to customs officers was granted. Her motion to suppress the evidence of the marijuana oil was denied, and appellant's challenge of this ruling provides the only issue on appeal. The district court found that the customs officer had reasonable suspicion to justify his request that appellant lift the leg of her slacks thereby revealing the packages taped to her leg. We affirm.

Appellant arrived at the Miami International Airport on October 25, 1979. Customs patrol officer Magonigle and a fellow officer observed that appellant was wearing slacks which "appeared to be bulky in the lower leg area." [Record, vol. II at 6]. The officers observed another woman, who appeared to be appellant's traveling companion, who also had a bulky lower leg. *Id.* After the women cleared customs, Magonigle identified himself and asked the women to accompany him to his office. Magonigle inspected their passports and customs declarations and learned that they had both been on a flight coming in from Kingston, Jamaica. He explained to the women that he thought their lower legs looked bulky and that he would like to see what they were carrying on their lower legs. The women then lifted their slacks legs enough to reveal plastic bags taped to their legs. Magonigle did not touch the women, and his visual inspection was limited to the lower leg area below the knee. The bags were found to contain marijuana oil.

The visual inspection of appellant's leg by customs officer Magonigle at the

Miami International Airport was a search of the person conducted at the border. *United States v. Klein*, 592 F.2d 909, 911 n.1 (5th Cir. 1979). Such a search may be constitutionally justified on less than probable cause. *United States v. Himmelwright*, 551 F.2d 991, 994 (5th Cir.), *cert. denied*, 434 U.S. 902, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977). We indicated in *United States v. Klein, supra*, where a patdown search of appellant at the Miami International Airport was challenged as violative of the Fourth Amendment, that "[i]n this circuit the initiation of a border search is governed by the test of reasonable suspicion. [citations omitted] Whether the requisite degree of suspicion exists depends upon the totality of the circumstances of the particular case. [citations omitted]." We recognized in *United States v. Afanador*, 567 F.2d 1325 (5th Cir. 1978) that the concept of reasonable suspicion is not a static one. There we said "what constitutes 'reasonable suspicion' to justify a particular search may not suffice to justify a more intensive or demeaning search." 567 F.2d at 1328. Similarly, the high degree of suspicion required to justify a highly intrusive search is not required to support a less intrusive search.

The search at issue here was more intrusive than a routine search of luggage at the border (which requires *no* articulable suspicion under *United States v. Himmelwright*, 551 F.2d 991 (5th Cir. 1977)) and less intrusive than a full strip search (with its standard of reasonable suspicion as applied, for example, in *United States v. Himmelwright*, 551 F.2d 991 (5th Cir. 1977) and *United States v. Afanador*, 567 F.2d 1325 (5th Cir. 1978). Although the search in *United States v. Klein, supra*, with respect to which this court found there was reasonable suspicion, involved a patdown of the armpit area of a male passenger, while the instant search involved the baring and visual inspection of the lower leg area of a female passenger, we think that the intrusiveness of the two searches is somewhat comparable. In *Klein*, there was tactile contact of an area of the male body which is often exposed; in this case, there was visual inspection only of an area of the female body which is ordinarily exposed.

We conclude, however, that the search involved in the instant case—the visual inspection of appellant's leg below the knee after a request that she lift her slacks leg—was a minimally intrusive search of appellant's person. Assuming that the search here requires *some* articulable suspicion that criminal action was afoot, we conclude that such suspicion was present.[1] Customs officer Magonigle observed that appellant's lower leg between her knee and ankle was unusually bulky. He observed that her traveling companion also had an unusually bulky lower leg. Magonigle's observations were sufficient to create the requisite reasonable suspicion needed to justify his visual inspection of appellant's lower leg. Our holding is confined to the circumstances presented by this case.

We hold in addition that the visual inspection of appellant's lower leg was conducted in a reasonable manner. *United States v. Klein*, 592 F.2d 909, 912–913 (5th Cir. 1979). We conclude, therefore, that there was no Fourth Amendment violation in this case.

AFFIRMED.

---

1. We note that the panel decision in *United States v. Sandler*, 625 F.2d 537 (5th Cir. 1980) (holding that reasonable suspicion was not present when an agent observed Sandler, a passenger arriving at Miami International Airport from South America, walking as if with stiff legs) has been vacated as a result of the grant of the petition for rehearing en banc. Although the vacated panel decision constitutes no precedent, it is distinguishable in any event because the presence here of two passengers with bulky legs is more suspicious than the presence of a single person walking with stiff legs.